Thomas O. STEWART, Appellant,

v.

SCOTT–KITZ MILLER CO., a corporation, and Clark Equipment Company, a corporation, Appellees.

No. 52232.

Court of Appeals of Oklahoma, Division No. 2.

Jan. 20, 1981.

Rehearing Denied Feb. 10, 1981.

Certiorari Denied As to Opinion As Corrected March 23, 1981.

Charles J. Watts, Procter, Fleming & Speck, Oklahoma City, for appellant.

B. J. Cooper, Cooper, Stewart & Elder, Oklahoma City, for appellees.

BRIGHTMIRE, Judge.

The question is, does plaintiff's amended petition state facts sufficient to impose manufacturer's products liability on the defending maker of a malfunctioning forklift? We hold it does and reverse the order dismissing the manufacturer from the lawsuit.

## I

The 24-year-old plaintiff, Thomas Stewart, in a first amended petition, alleged Clark Equipment Company designed and manufactured forklifts. One was purchased by Stewart's employer, L & S Bearing Manufacturing Company, for use in stacking and unstacking inventory.

One day, plaintiff stood on the machine's lifting platform and caused it to raise him to a rack 16 feet above the floor level for the purpose of inventorying some ball bearings. Suddenly, the lift apparatus failed permitting the platform to fall to the floor seriously injuring plaintiff.

The cause of the failure was attributed to negligent repair work performed a few days earlier by Scott-Kitz Miller Co., a company responsible for maintenance of the equipment. Scott employees had removed some bolts holding the lift guides and reinserted them backwards. In this position the bolts protruded in such a way that when an attempt was made to lower the raised platform, the lift assembly would hang at the top of the mast then fall to the floor.

The forklift was defectively designed, pleaded plaintiff, because its creator failed to fashion the guide bolts and their housings in such a way that maintenance personnel could not later insert them backwards. It was said to be a dangerous defect exposing users of the equipment to an unreasonable risk of harm—a defect that Clark should have realized existed and, with little cost or effort, could have eliminated. And, failing such safe design of the bolts, Clark was obliged to post clear and adequate warnings on the equipment advising maintenance personnel and users of the potential danger and of the need to perform a functional check of the equipment after servicing or repairs to make sure the bolts were correctly inserted.

## II

This state is committed to the strict liability concept promulgated in Restatement (Second) of Torts § 402A, referred to by our supreme court as manufacturer's

products liability,[1] and it extends to all types of defects—structural,[2] functional,[3] and design.[4]

The allegations here are sufficient to support a finding that a dangerous design defect inhered in the forklift used by plaintiff. The manufacturer could have forecast: (1) the necessity of later removal—during routine maintenance—of bolts critical to the proper and safe performance of the primary function of the subject equipment, the lifting and lowering of loads; and (2) the possibility of the bolts being replaced backwards allowing the platform to be raised to the top before falling. It would have required very little effort or expense to design the bolts and their housings in a way that they could not be replaced backwards.[5] Certainly, prominent display on the equipment of an adequate warning concerning the consequences of incorrect insertion of the bolts was within the scope of the manufacturer's obligation, and the omission of such a warning might be found sufficient to render the piece of equipment defective.[6]

Clark argues that the decision below is right because there was a misuse of the equipment. The short answer to this is that misuse is a defense subject to being pleaded and proved by defendant; it is not available as a determinant of whether plaintiff's petition states a cause of action. Moreover, we do not have, under the facts

alleged, a situation involving a misuse of the equipment unless it can be said plaintiff should not have been using it to lift himself up—something with which we would have trouble agreeing. What defendant is probably referring to is the possible negligence of the maintenance people in placing the bolts in backwards. If perchance they were negligent, the injury might nonetheless be found to have resulted not from a misuse of the product, but from a foreseeably faulty repair ultimately traceable, causally, to a design defect.

The order of dismissal is, therefore, reversed and the cause is remanded for further proceedings.

BACON, P. J., and BOYDSTON, J., concur.

1. *Kirkland v. General Motors Corp.*, Okl., 521 P.2d 1353 (1974).

2. *Bradford v. Bendix-Westinghouse Auto. Air Brake Co.*, 33 Colo.App. 99, 517 P.2d 406 (1973).

3. *Shaffer v. Honeywell, Inc.*, 249 N.W.2d 251 (S.D.1976).

4. *Union Supply Co. v. Pust*, 196 Colo. 162, 583 P.2d 276 (1978).

5. According to Frumer and Friedman, "[m]ost states adopting the rule of strict tort liability have applied it to design as well as manufacturing defects." 2 L. Frumer and M. Friedman, Products Liability § 16A [4] [f] [iv] (1980). The situation is analogous to that which occurred in *Hartmon v. National Heater Co.*, 240 Minn. 264, 60 N.W.2d 804 (1953), a negligence case holding that a gas conversion burner was defective because of the absence of a safety feature that could have been added and that would

have prevented the removal of a plug which caused the fatal explosion. *See also Pike v. Frank G. Hough Co.*, 2 Cal.3d 465, 467 P.2d 229, 85 Cal.Rptr. 629 (1970), where it was found that a negligent lack of a safety device rendered a product defective; *Brandon v. Yale Towne Mfg. Co.*, 342 F.2d 519 (3d Cir. 1965), holding that the failure of a forklift to be equipped with an overhead canopy guard and load back rest was a defect; *Sears, Roebuck & Co. v. Morris*, 273 Ala. 218, 136 So.2d 883 (1961), in which it was found that Sears sold a defective boat trailer wheel where the bolt holes were so designed that the two halves could be bolted together without the "projections" being aligned with the "depressions."

6. *Cunningham v. Charles Pfizer & Co., Inc.*, Okl., 532 P.2d 1377 (1975). *See also Hiigel v. General Motors Corp.*, 190 Colo. 57, 544 P.2d 983 (1975).