**Virgil J. ROLFES, Appellant,**

**Carol Rolfes,**

**v.**

**INTERNATIONAL HARVESTER COMPANY, Appellee.**

**No. 86–1531.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1986.

Decided May 4, 1987.

Rehearing Denied June 3, 1987.

---

**1.** The Hon. Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota.

Richard A. Williams, Jr., Minneapolis, Minn., for appellant.

Burns H. Davison, II, Des Moines, Iowa, for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Virgil J. Rolfes appeals from a final judgment entered in the District Court for the Northern District of Iowa in a products liability action based on strict liability in tort and negligence. The jury found that Rolfes had assumed the risk of injury and returned a verdict in favor of International Harvester Co. (International) on the strict liability claim. On the negligence claim, the jury returned a verdict in favor of Rolfes and assessed $220,000 in damages. The district court reduced the damage award to $44,000 because of Rolfes' contributory negligence. *Rolfes v. International Harvester Co.*, No. C–84–4010 slip op. at 1 (W.D. Iowa Mar. 19, 1986). The jury also found in favor of Rolfes' wife, Carol, on her loss of consortium claim and awarded $6,000 in damages. The district court increased her damage award to $30,-000. *Id.*

For reversal Rolfes argues that the district court erred in (1) submitting the assumption of the risk defense to the jury, (2) improperly instructing the jury on the assumption of the risk defense, and (3) reducing by 80 percent his award based on the

negligence claim. For the reasons discussed below, we affirm in part, reverse in part and remand for further proceedings consistent with this opinion.

Rolfes was an employee of the Lake Park Cooperative Elevator Co. when he was injured on February 24, 1982, in an accident involving a tractor manufactured by International. Rolfes was using the tractor with a front-end loader to load soybeans into a truck. As he was backing the tractor down a slight incline, the operator's seat tipped to the rear, causing Rolfes to fall from the tractor into the path of the tractor. The tractor continued in reverse gear and ran over parts of Rolfes' body. The accident caused serious injuries, including a partial loss of sight, loss of smell, impaired hearing, loss of strength, and loss of sensation in the face and arms.

Rolfes filed a complaint in federal district court alleging liability based on strict liability in tort and negligence. He alleged that the accident was caused by the defective design of the operator's seat of the tractor. The operator's seat was attached to the top of the battery cover, which was in turn fixed to the floor of the tractor. The battery box cover was hinged at the rear and held in place by two bolts that passed through the battery box cover and into receptacles attached to the inside of the battery box. If these bolts were either removed or worked loose during the operation of the tractor, the weight of the operator in the seat could cause the hinged top of the battery box cover to rotate backwards, throwing the operator from the seat.

International denied that there was a defect in the design of the operator's seat and, in the alternative, alleged that Rolfes assumed the risk by failing to investigate whether the bolts were loose or missing. International introduced evidence that before the accident, Rolfes had owned an International Harvester Super M tractor when he was engaged in farming. The Super M tractor had the same kind of battery box and seat design as the tractor that caused Rolfes' injuries. At the close of all the evidence, Rolfes moved to strike International's assumption of the risk defense because International had failed to introduce any evidence of this defense. The district court denied the motion.

The jury returned a verdict in favor of Rolfes and assessed $220,000 damages on his negligence claim. The district court reduced this award to $44,000 because the jury found that Rolfes was 80 percent contributorily negligent. *Rolfes v. International Harvester Co.,* slip op. at 1. The jury also awarded Rolfes' wife $6,000. The district court increased this amount to $30,000 because the amount "shocked" the court and because the court determined that the jury incorrectly reduced the amount of damages by 80 percent. *Id.* The jury found that Rolfes had assumed the risk and thus found against him on the strict liability claim. Rolfes appeals from this judgment. No appeal was taken from the judgment in favor of Carol Rolfes.

Rolfes initially argues that the district court erred in submitting the assumption of the risk defense to the jury because there was no evidence presented in support of this defense. He asserts that the only evidence presented—that he did not inspect the seat to determine if the bolts were loose or missing—was at best evidence of contributory negligence and not of assumption of the risk.

International contends that the district court properly submitted the affirmative defense to the jury because there was evidence that Rolfes knew the seat could tip backwards if the bolts were loose or not in place. International further contends that Rolfes could have easily determined whether the bolts were missing or loose and that his failure to inspect or examine the tractor seat was evidence of assumption of the risk.

In *Hughes v. Magic Chef, Inc.,* 288 N.W.2d 542, 544 (Iowa 1980), a products liability case based on strict liability in tort, the Iowa Supreme Court distinguished the defenses of assumption of the risk and contributory negligence. Citing Restatement Second of Tort § 402(a) comment n (1965), the court stated that a plaintiff's contributory negligence is not a defense in

a strict liability action when such negligence consists merely of a "failure to discover the defect in the product, or to guard against the possibility of its existence."[1] *Id.* Assumption of the risk, on the other hand, is a defense to a strict liability claim. Assumption of the risk occurs when the user or consumer discovers the defect and is aware of the danger and, nevertheless, proceeds unreasonably to make use of the product. *Id.* Assumption of the risk is governed by a subjective standard; the question is not whether the plaintiff should have known of the risk, but whether the plaintiff in fact knew of the risk. *Martin v. Heddinger*, 373 N.W.2d 486, 490 (Ia. 1985) (*Martin*).

The distinction between the subjective and objective standards is effectively illustrated in *Martin*. In this case, the plaintiff, an 18 year old woman, was killed in a car accident; the plaintiff was a passenger in a car driven by another woman who had been served at the defendant's tavern. It was conceded that during the late afternoon and evening prior to the accident, the plaintiff, the driver of the accident vehicle, and other friends had visited a number of bars and the plaintiff had observed the driver drinking during the evening. Nonetheless, the Iowa Supreme Court held that the assumption of the risk instruction was erroneous because the trial court instructed the jury to find that the plaintiff assumed the risk if she "ought have known" of the driver's intoxication. *Id.* at 490. The Iowa Supreme Court, in reversing the judgment of the trial court, held that the plaintiff could not have assumed the risk unless it was established that she was actually aware of the intoxication and the danger resulting from the intoxication. *Id.*

■ In *Hughes v. Magic Chef, Inc.,* 288 N.W.2d at 544, the Iowa Supreme Court also had considered a jury instruction on assumption of the risk. The plaintiff had been severely burned when a stove manufactured by Magic Chef, Inc. exploded in his mobile home. After refilling the propane tank of the stove, the plaintiff had lit two pilot lights on the top of the stove but failed to light the third pilot light in the oven broiler cavity. A buildup of propane gas in the stove produced an explosion and fire when the plaintiff attempted to use the stove two days later. Magic Chef raised the affirmative defense of assumption of the risk, and the trial court instructed the jury that the plaintiff could recover only if the defects were not discoverable by ordinary inspection. *Id.* at 543. The court concluded that a manufacture of a defective product was not relieved of liability by the negligent failure of the consumer or user to discover the defect in the product. *Id.* at 544. The plaintiff in a products liability action has no obligation to "reasonably inspect the product." *Id.*

■ In the present case, International had a right to have the jury instructed on its defense theory of the case—assumption of the risk—only if there was evidence to support this theory. It is error, however, to instruct the jury where there is no evidence to support the instruction. We have carefully reviewed the record in this case and find no evidence that Rolfes was aware that the bolts were loose or missing from the tractor seat. Rolfes testified, without contradiction, that he was not aware that the bolts were missing or loose. The district court, therefore, erred in submitting an assumption of the risk defense to the jury.

Rolfes next argues that the assumption of the risk instruction given to the jury was erroneous. Because we have determined that there was no evidence to support the assumption of the risk defense, we need not decide whether the defense was correct.

The last issue in this case concerns the damages awarded to Rolfes on his negligence claim. The jury assessed damages of $220,000, which the district court re-

---

**1.** Iowa by statute has changed this rule for strict liability actions filed on or after July 1, 1984. Iowa Code Ch. 668 (1984). Comparative fault may be raised as a defense in strict liability actions filed on or after July 1, 1984. *Id; Speck v. Unit Handling Division Litton Systems,* 366 N.W.2d 543, 545 (Iowa 1985). Virgil and Carol Rolfes filed their action against International Harvester Co. in January 1984.

duced by 80 percent to $44,000 because of Rolfes' contributory negligence. The district court instructed the jury that the court would reduce Rolfes' award by the percentage of Rolfes' negligence, if any, but Carol Rolfes' award would not be reduced by Rolfes' negligence.

Rolfes argues that the $220,000 represents 20 percent of the actual damages the jury assessed. He contends that the jury reduced his award and his wife's award by 80 percent because of the contributory negligence. Rolfes relies on the district court's determination that the jury had improperly reduced the award to Carol Rolfes by 80 percent. The district court found that the jury first entered "$30,000" on the verdict form, erased it and then entered "$6,000" or 20 percent of the $30,000. Rolfes contends that it is inconsistent for the district court to find that the jury reduced the award to Carol Rolfes but not his award. We hold that the district court did not err in reducing the award on the negligence claim by 80 percent. Although there was evidence on the record to indicate that the jury had mistakenly reduced the award for Carol Rolfes, there is no evidence that the jury reduced Rolfes' award in a similar manner.

As a result of our decision that International failed to make a submissible case on the assumption of the risk defense, Rolfes prevails on his strict liability claim. Both the strict liability and the negligence claims were based on the defective design of the tractor seat. The jury instruction on the negligence claim required the jury to find all the necessary elements of the strict liability claim. In addition the jury, in considering the negligence claim, had to find that International acted negligently and without due care in designing the tractor seat; this finding of course was not required for the strict liability claim. Thus, the jury, in finding for Rolfes on the negligence claim, necessarily found in his favor on the strict liability claim. Rolfes may therefore recover the full amount of the damages that the jury assessed.

Accordingly, we affirm in part and reverse in part and remand for an entry of judgment in favor of Rolfes in the amount of $220,000.