944 F.2d 911
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Brenda MOONEY, Plaintiff-Appellant,
v.
Bobby SMITH, individually and in his official capacity as
Treasurer of Hughes County, State of Oklahoma,
Defendant-Appellee,
and
Board of Commissioners, County of Hughes, State of Oklahoma,
Excise Board, County of Hughes, State of Oklahoma,
Defendants.
 No. 88-2074.
 
 Tenth Circuit.
 Sept. 16, 1991.
 Before HOLLOWAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Brenda Mooney (Mooney) appeals from an order denying her motion for a new trial following an adverse jury verdict entered in favor of Bobby Smith (Smith), individually, the Board of Commissioners, County of Hughes, and the Excise Board, County of Hughes, hereinafter collectively referred to as appellees.
 
 
 3
 Mooney worked in the Hughes County Treasurer's office for Treasurer Bill Marsh. At all times relevant hereto, Mooney served as a deputy treasurer. She was appointed as a deputy treasurer by Marsh in October, 1976, and re-appointed deputy treasurer by Marsh in 1979 and 1983. The terms of Mooney's appointment,[1] as a "deputy county treasurer [were] to do and perform any and all lawful acts pertaining to the office of county treasurer [of] said county and to hold this office during my [Marsh's] pleasure." (R., Suppl.Vol. I at p. 47).
 
 
 4
 During the August, 1986 Democratic primary, Marsh was challenged by Smith. Mooney actively supported Marsh and openly campaigned for him by passing out campaign literature, campaigning door to door, and attending political and social gatherings for Marsh. Smith defeated Marsh. Since there was no Republican candidate for treasurer, Smith thereafter won the general election by default. After Marsh lost the primary election, he "probably" told all the workers in the treasurer's office, including Mooney, that they needed to talk to Smith about a job because their job ended when his did (R., Suppl.Vol. I at p. 77).
 
 
 5
 Smith was sworn in as county treasurer on July 6, 1987. Smith immediately appointed two deputies, Judy Dunkleberger and Penny Roberts, who replaced Mooney and Lars Felder in the treasurer's office.
 
 
 6
 On September 3, 1987, Mooney filed this 42 U.S.C. § 1983 suit against appellees alleging that: (1) her termination was in violation of her First Amendment rights and was precipitated by her open support of Marsh's candidacy; (2) she was terminated without due process of law; (3) she was wrongfully discharged; (4) defendants breached the covenant of good faith dealing with her; (5) defendants breached her contract of employment by summarily terminating her; and (6) Smith caused her intentional emotional distress.
 
 
 7
 Prior to trial, appellees moved for summary judgment alleging, in part, that all employees of the office of county treasurer are at-will employees and have no property interest in continued employment. Appellees argued that the statutory language of § 162, supra, "admits only one interpretation" and "[t]hat interpretation is that all county employees are truly 'at will' and may be terminated at any time by a county officer." (R., Vol. I, Tab 7 at p. 10). Appellees' motion was denied via a minute order. Prior to trial, Mooney's motion to dismiss Counts 4 and 6 was granted.
 
 
 8
 During the trial, Mooney testified that: she thought she had a job for life as long as she did her job (R., Suppl.Vol. I at pp. 44-45); she signed a loyalty oath and appointment of deputy when she was first hired and signed additional ones in 1979 and 1983 when Marsh was re-elected, id. at p. 44; she did not sign a contract when she was hired, id. at 43; there was no written policy manual governing the treasurer's office or county employees, id.; she never discussed with anyone how long her job would last, id. at 44; the documents she signed each term Marsh was re-elected were the only written evidence relative to the terms of her employment, id. at 50. Mooney also testified that when she talked to Smith about a job, he related that he had already talked to two people who had supported him, but that he did not know if he would hire them and that if he didn't hire one of them, he would consider her for a position (R., Suppl. Vol. I at p. 27).
 
 
 9
 Smith testified that he had not appointed Mooney as a deputy treasurer because of her unfriendly and discourteous treatment of the general public and her fellow employees. Smith presented twelve witnesses who testified relative to Mooney's demeanor in the treasurer's office. After both parties rested, the court sustained Smith's motion for a directed verdict on Mooney's claims against him in his official capacity as Hughes County Treasurer. The jury thereafter returned a verdict in favor of appellees on all four counts.
 
 
 10
 On appeal, Mooney contends that the court erred in: (1) denying her motion for a new trial based on the erroneous admission of the testimony of twelve witnesses who testified in support of Smith's defense that Mooney was rude and displayed discourteous behavior; (2) denying a new trial after it erroneously admitted evidence of personal opinion; (3) directing a verdict as to Smith in his official capacity; and (4) failing to instruct on official capacity and to instruct on the difference between individual and official capacities.
 
 I and II
 
 11
 Mooney contends that the court erred in denying her motion for a new trial based on the erroneous admission of the testimony of twelve witnesses who testified relative to Mooney's demeanor while employed in the treasurer's office and in admitting the personal opinions of the twelve witnesses over her objection. Appellees respond that the court did not err in admitting the testimony of the witnesses who testified relative to Mooney's behavior in the workplace because that testimony was relevant to Smith's defense that his decision not to appoint Mooney was based on his personal observation of Mooney and his reliance on common courthouse knowledge of her unfriendly and discourteous treatment of both the public and her fellow employees.
 
 
 12
 The decision to grant a motion for a new trial is committed to the informed discretion of the district court. Ryder v. City of Topeka, 814 F.2d 1412, 1424 (10th Cir.1987), quoting Mid-West Underground Storage, Inc. v. Parker, 717 F.2d 493, 502 (10th Cir.1983). The order of the trial court granting or denying a motion for a new trial will be overturned on appeal only upon a showing of clear abuse of discretion. Suggs v. State Farm Fire and Casualty Company, 833 F.2d 883, 886 (10th Cir.1987); Trujillo v. Goodman, 825 F.2d 1453, 1461 (10th Cir.1987).
 
 
 13
 Mooney has failed to establish that the district court abused its discretion in denying her motion for a new trial. Smith defended on the basis that he had not appointed Mooney as a deputy treasurer because of her discourteous and rude behavior to the public and her fellow employees. Under such circumstances, the district court did not err in allowing Smith to present the testimony of twelve witnesses familiar with Mooney's demeanor while she was employed in the treasurer's office. We hold that the district court's denial of Mooney's motion for a new trial was not an abuse of discretion.
 
 III and IV
 
 14
 Mooney contends that the court erred in directing a verdict as to Smith in his official capacity as Hughes County Treasurer, in failing to instruct on official capacity and the difference between individual and official capacities. These contentions are without merit.
 
 
 15
 After both parties had rested, the following colloquy occurred between the district court and counsel:
 
 
 16
 [THE COURT]: What about any evidence that the governing body implemented or executed or acquiesced in a policy statement, ordinance, regulation or decision officially adopted or made by those whose acts may fairly be said to represent official policy including governmental customs even though such customs have not received formal governmental approval?
 
 
 17
 What evidence was there of that, Mr. Smith?
 
 
 18
 MR. SMITH [Attorney for Mooney]: None as to the board acquiesced, but, again, the evidence that each respective county official hired and fired his own people for that particular office.
 
 
 19
 MS. EVANS [Attorney for appellees]: There was no evidence I'm aware of relating to what you just read.
 
 
 20
 THE COURT: What about the governing body implemented or executed or acquiesced in such policy, ordinance, regulation, decision or custom with the intention to deprive another of their Constitutional Rights, or they knew, or should have known that such action or inaction would violate or deprive another of their Constitutional Rights?
 
 
 21
 What evidence was there of that?
 
 
 22
 MR. SMITH: I don't believe there was any.
 
 
 23
 THE COURT: Well, then I'm going to amend my order, and sustain the motion for a directed verdict as to Bobby Smith acting in his official capacity as the Hughes County Treasurer.
 
 
 24
 (R., Suppl.Vol. II at pp. 3-4).
 
 
 25
 Inasmuch as Mooney failed to present any evidence that Hughes County implemented, executed, or acquiesced in any policy or custom with the intention of depriving others of their constitutional rights or that the county knew or should have known that such action or inaction would violate or deprive others of their constitutional rights, the court did not err in directing a verdict in favor of Smith in his official capacity as the Hughes County Treasurer.
 
 
 26
 After the court directed the verdict in favor of Smith in his official capacity, Mooney did not request the court to instruct on official capacity or on the difference between individual and official capacity. (R., Suppl.Vol. II at pp. 5-7). Had Mooney requested such instructions and had the court so instructed, error may have occurred because there was no evidence to support them. Farrell v. Klein Tools, Inc., 866 F.2d 1294, 1297 (10th Cir.1989). We hold that the court did not err in declining to instruct on official capacity and the difference between official and individual capacity.
 
 
 27
 AFFIRMED.
 
 
 28
 Judge Holloway may file a separate opinion.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 28 Okla.Stat.Ann. § 162 provides in part:
 Subject to the approval of the county excise board, every county officer shall appoint such regular and special deputies as are essential to the performance of the duties of his office in an efficient manner....