**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 30 1997**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED RESOURCES 1988 - I
DRILLING AND COMPLETION
PROGRAM, L.P., a Kansas limited
partnership; UNITED RESOURCES
1988 - II DRILLING AND
COMPLETION PROGRAM, L.P., a
Kansas limited partnership,

      Plaintiffs - Appellants,

  v.

W. L. MORRIS,

      Defendant - Appellee.

No. 96-5081

(N.D. Oklahoma)

(D.C. No. 95-C-590-BU)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **TACHA**, Circuit Judges.

---

United Resources 1988-I Drilling and Completion Program, L.P. and

United Resources 1988-II Drilling and Completion Program, L.P. ("United")

appeal from an adverse jury verdict in a diversity action against W.L. Morris for

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

constructive fraud and negligent misrepresentation. United raises three issues on appeal: (1) whether there was sufficient evidence to justify submitting Morris's statute of limitations defense to the jury; (2) whether the district court erroneously instructed the jury on the statute of limitations by failing to state that under Oklahoma law, if a confidential relationship exists between the parties, the statute of limitations is tolled until the defrauded party has actual notice of the fraud; and (3) whether the district court abused its discretion by admitting an exhibit that was not listed in the pretrial order. With respect to the second issue, United asserts further that the allegedly erroneous instructions caused the verdict to be impermissibly ambiguous. We affirm.

## BACKGROUND

In the spring of 1988, United invested in an oil well drilled by Avalon Exploration, Inc. Thereafter, United considered further investment, but before doing so, requested more information from Avalon. Avalon referred United to Morris, a petroleum engineer and senior vice president of Western National Bank in its Oil and Gas Department, who was primarily responsible for the bank loans made to Avalon.

In at least one telephone call in August 1988, Morris provided United's managing partner, Dennis Quirk, with information regarding Avalon. After receiving this information, United made additional investments in Avalon.

In December 1991, convinced it had received inaccurate investment information, United commenced a diversity action for fraud against Avalon in New York. In 1993, United amended its action to add Morris, who was later dismissed for lack of personal jurisdiction. United then refiled its case against Morris in May 1995, in federal court in Oklahoma.

At trial, United alleged two theories of recovery under Oklahoma law—constructive fraud and negligent misrepresentation. Among other defenses, Morris alleged that United's claims were barred by Oklahoma's two year statute of limitations for fraud because although United did not have actual notice of Morris's inaccuracies until 1992, United could have discovered the inaccuracies earlier with reasonable diligence.[1]

_____

[1]There is no dispute that if the statute of limitations began running upon actual notice, United's action is timely. Although United filed this action in 1995, more than two years after receiving actual notice of the fraud in 1992, a tolling agreement entered into by United and Morris was in place for a period of time between 1992 and 1995. Appellant's App. at 975 (agreement signed in 1994). However, Morris asserts that because United had information in 1989 that would have prompted a reasonable person to investigate and discover the inaccuracies, the statute of limitations began running in 1989. Appellee's Br. at 12-15.

The case was tried to a jury, and at the close of all evidence, United moved for judgment as a matter of law as to the statute of limitations defense, arguing that Morris had provided insufficient evidence to justify submitting the issue to the jury. The district court denied the motion.

Thereafter, the jury returned a verdict on the following form:

VERDICT

Part I:

Please check the appropriate line for subsections A and B:

A. We, the jury, find that the plaintiffs have proved by clear and convincing evidence their claim of constructive fraud.

Yes ___

No _x_

B. We, the jury, find that the plaintiffs have proved by a greater weight of the evidence their claim of negligent misrepresentation.

Yes ___

No _x_

Part II:

Please check the appropriate line for subsections A and B:

-4-

A. We, the jury, find that the defendant has proved by a greater weight of the evidence his affirmative defense of statute of limitations.

Yes _x_

No __

B. We, the jury, find that the defendant has proved by a greater weight of the evidence his affirmative defense of release.

Yes __

No _x_

Part III:

Please answer subsection A ONLY if you have found the plaintiffs have proved one or both of their claims of constructive fraud and negligent misrepresentation and the defendant has not proved one or both of his affirmative defenses of statute of limitations and release.

A. We, the jury, having found in favor of the plaintiffs on one or both of their claims against the defendant, W.L. Morris, and in favor of the plaintiffs on the defendant, W.L. Morris' affirmative defenses, award actual damages to the plaintiffs in the amount of $ _0_ .

Appellant's App. at 54-56.

## DISCUSSION

United's second issue on appeal leads to a two-step attack on the jury verdict. First, United argues that the jury instructions regarding Morris's statute of limitations defense were erroneous under Oklahoma law, leading the jury to improperly find for Morris on the issue. Second, United argues that the allegedly erroneous finding on the statute of limitations issue resulted in an ambiguous verdict since the jury may have addressed Morris's statute of limitations defense in Part II first and then simply rejected United's claims in Part I thinking it was unnecessary to decide the merits of those claims. Appellant's Reply Br. at 5. United asserts that "[w]hen a district court erroneously submits one of two or more issues to the jury, the judgment must be reversed if 'it cannot be determined whether the jury relied on the improper ground.'" Appellant's Br. at 20 (quoting Brown v. Wal-Mart Stores, Inc., 11 F.3d 1559, 1566-67 (10th Cir. 1993)). The standard, according to United, is that the court must be able to say with "absolute certainty that the jury was not influenced by the submission of the erroneous limitations instructions," Appellant's Reply Br. at 6 (citing Farrell v. Klein Tools, Inc., 866 F.2d 1294, 1300-01 (10th Cir. 1989)).

Each of the Tenth Circuit cases relied on by United involved general verdict forms which left unclear the basis on which the jury had made its decision. See Brown, 11 F.3d at 1567 (ambiguous general verdict form); Farrell, 866 F.2d at 1298, 1300-01 (same). Here, because the verdict form was divided into clearly articulated subparts, there is no sufficient reason to question the common sense assumption that the jury proceeded logically first to answer the questions in Part I and then Part II, or that the jury ignored the merits determination language set out in paragraphs A and B of Part I. We are not persuaded that there is any ambiguity in the jury's verdict finding against United on the merits.

Because we conclude that the verdict against United on the merits of their claims is not ambiguous, it is unnecessary to reach United's arguments that the jury instructions regarding the statute of limitations were erroneous.[2]

---

[2]Even assuming the jury instructions were erroneous, we note that United waived these claims by failing to make proper objections at the appropriate time. Although United did object to Jury Instruction No. 16 regarding the statute of limitations defense, the objection was based solely on the argument that Morris had not provided sufficient evidence to justify submitting the issue to the jury. Appellant's App. at 774. At no time did United object that the court had failed to adequately instruct the jury on applicable Oklahoma law. By failing to object specifically to this defect at trial, United waived the right to claim error in the instructions. Unit Drilling Co. v. Enron Oil & Gas Co., 108 F.3d 1186, 1190 (10th Cir. 1997) (citing Fed. R. Civ. P. 51).

Also, United did not object when the verdict was returned. Appellant's App. at 815. Assuming arguendo that this verdict form was a general verdict form as United asserts, United's failure to act constitutes waiver. Unit Drilling Co., 108 F.3d at 1193

(continued...)

Furthermore, we find no merit in United's allegation that the district court erred in admitting into evidence, without a finding of manifest injustice, a Private Placement Memorandum that was not included as an exhibit in the pretrial order. Appellant's Br. at 26-31. Although there is evidence in the record indicating the judge did indeed consider the manifest injustice standard,[3] we find it unnecessary to address this issue as anything other than a general evidentiary ruling; regardless, the standard of review is the same–abuse of discretion. Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1543 (10th Cir. 1996) (stating that the district court's ruling on a motion to amend a pretrial order is reviewed under the abuse of discretion standard); Pandit v. American Honda Motor Co., 82 F.3d 376, 379 (10th Cir. 1996) ("We review evidentiary rulings for abuse of

[2](...continued)
("When a jury returns an ambiguous general verdict, the party requesting clarification must call the ambiguity to the district court's attention before the jury is discharged unless the error is plain.") (citing Resolution Trust Corp. v. Stone, 998 F.2d 1534, 1545 (10th Cir. 1993)).

[3]The Memorandum was initially used only to refresh the memory of United's witness on Morris's cross-examination, Appellant's App. at 226-27, and after listening to the attorneys' discussion of manifest injustice, the judge denied Morris's first request to admit the Memorandum into evidence because it was not listed in the pretrial order. Appellant's App. at 303. It was not until United "insinuated" on redirect that Morris had taken portions of the Memorandum out of context that the judge granted Morris's request and admitted the Memorandum. Appellant's App. at 405-06, 414. Thus, although it is clear that the judge considered manifest injustice, it is unnecessary to analyze the issue on those grounds. United's actions justified the admission of the Memorandum, and the issue can appropriately be analyzed as a general evidentiary matter.

discretion."). After reviewing the record, we conclude that the court did not abuse its discretion in admitting the Memorandum.

For the reasons set forth above, the judgment is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge