Susan Opal SOUTHERLAND, Appellant,

v.

WAL–MART STORES, INC., a Delaware Corporation, Appellee.

No. 78385.

Court of Appeals of Oklahoma, Division No. 3.

Feb. 2, 1993.

Herbert E. Elias, Jr., Cynthia K. Elias, Tulsa, for appellant.

Joseph A. Sharp, John H.T. Sheridan, Karen M. Grundy, Tulsa, for appellee.

## MEMORANDUM OPINION

JONES, Judge:

In this trip and fall negligence action, Appellant, Susan Southerland, requests this Court reverse a summary judgment granted by the trial court at the request of Defendant–Appellee, Wal–Mart Stores. There are two central propositions which will resolve the errors raised by Appellant: (1) did the trial court err in determining the

object over which Appellant tripped was open and obvious; and, (2) does the comparative negligence statute of this State abrogate the open and obvious rule of premises liability? Both questions we answer in the negative.

Susan Southerland went shopping with her mother at a Wal–Mart Store on 71st Street in Tulsa around mid-day in the spring of 1989, to purchase some merchandise and to place other items in layaway. They each went about their business and later, Appellant saw her mother at the other end of an aisle and started toward her. She fell to the floor before she reached her mother, and alleges injuries to her head, neck, shoulders and back from the fall. As she states in her brief, after falling she noticed a "bright orange" electrical extension cord that had caused her fall. She testified the reason she did not see the bright orange cord was because the cord was across an aisle in the home lighting department, and the lighting fixtures were so bright they were blinding. It is undisputed there were no other people in the aisle except her and there was nothing blocking her view. It is also uncontroverted that she could see her mother clearly beyond the aisle in which she fell.

■ The trial court held that the bright orange extension cord, extending across the white tile floor directly in her path of travel, constituted an open and obvious hazard which was readily ascertainable to reasonable people in the exercise of ordinary care. The Motion for Summary Judgment filed by Appellee included a picture of the site of the accident and the cord involved. The open and obvious nature of the extension cord is patently apparent. Appellant posits error by pointing to the fact that in ruling on a Motion for Summary Judgment the trial court is limited to determining whether there are any issues of fact to be tried. Further, summary judgment is inappropriate unless reasonable people, exercising fair and impartial judgment, could not reach a different conclusion when all inferences and conclusions drawn from the undisputed facts are viewed in a light most favorable to the party opposing the motion. *Flanders v.*

*Crane Co.,* 693 P.2d 602 (Okl.1984), *Stuckey v. Young Exploration Co.,* 586 P.2d 726 (Okl.1978).

■ The duty of a landowner is a duty to keep premises reasonably safe for an invitee and applies to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like which are not known to the invitee and would not be observed by him in the exercise of ordinary care. The basis of the invitor's liability rests on the owner's superior knowledge of the danger. *Beatty v. Dixon,* 408 P.2d 339 (Okl.1966). As stated in *Nicholson v. Thacker,* 512 P.2d 156 (Okl.1973), the standard is objective: would a reasonable person, in the exercise of due diligence for their own safety, discover the danger that was open and obvious? If the danger is readily apparent to the plaintiff, the defendant has not breached a duty to the plaintiff. The trial court viewed the photographs and correctly concluded reasonable people could not differ over the fact that the "bright orange" cord was easily visible (despite the allegation of blinding light), and patently obvious to any person walking toward it along the lighting fixture aisle. In so ruling, the trial court did not err.

Additionally, Appellant argues the extension cord was not open and obvious because it had a deceptively innocent appearance. This argument is based upon a statement found in *Henryetta Construction Co. v. Harris,* 408 P.2d 522 (Okl.1965), to the effect that the hidden danger need not be partially obscured from sight, but only need be deceptively innocent in appearance so that it cloaks a reality of danger. The factual basis for this argument is the possibility that the cord may have been moved at the time she tripped upon it. However, Appellant fails to point to any evidence in the record which supports this hypothesis, and the fact remains that she admits she did not see the cord at all. This fact removes the case from the entirely different situation where one sees an obvious danger which presents a deceptively innocent appearance.

■ The main thrust of Appellant's argument on appeal is an attempt to impeach the continued validity of the open and obvious doctrine. Appellant states the open

and obvious rule is in direct conflict with the concept of comparative negligence. The short answer to this argument is, as Appellee notes, that comparative negligence compares the negligence of the plaintiff and the defendant, just as the name of the doctrine suggests. The threshold question in any negligence case is whether the defendant had a duty to the plaintiff alleged to be harmed. *Rose v. Sapulpa Rural Water District*, 631 P.2d 752 at 756 (Okl.1981). The open and obvious doctrine relieves the landowner of a duty to the plaintiff, thereby absolving the defendant of primary negligence. *Sutherland v. St Francis Hospital*, 595 P.2d 780 (Okl.1979). Stated otherwise, where there is no duty, there can be no negligence. In *Sutherland,* supra, the Oklahoma Supreme Court stated the common law doctrine of premises liability continues to command our unswerving support. This being so, comparative negligence is not properly invoked here, because under the finding of the trial court there was no negligence on the part of the defendant. See, e.g. *Davis v. Burlington Northern Inc.*, 663 F.2d 1028 (10 Cir.1981). Accordingly, the decision of the trial court must be, and is, affirmed.

AFFIRMED.

ADAMS, P.J., and GARRETT, J., concur.