**Reta Lunsford BROWN,**
**Plaintiff–Appellee,**

v.

**WAL–MART STORES, INC., a Delaware Corporation, Defendant–Appellant.**

No. 92–6289.

United States Court of Appeals,
Tenth Circuit.

Dec. 17, 1993.

David B. Christian (Duke Halley with him on the brief), of Halley & Christian, Woodward, OK, for plaintiff-appellee.

Bruce V. Winston (Cynthia Hines Majors with him on the brief), of Stewart & Elder, Oklahoma City, OK, for defendant-appellant.

**1562**

Before BALDOCK, BRIGHT,* and McWILLIAMS, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant Wal–Mart Stores, Inc. appeals an adverse jury verdict and judgment in a negligence action brought by Plaintiff Reta Lunsford Brown. We have jurisdiction under 28 U.S.C. § 1291.

While shopping at Defendant's store in Woodward, Oklahoma, Plaintiff and her husband observed a sidewalk display of pegboards leaning vertically against the Defendant's building. After paying for six pieces of the pegboard at the store's service desk, Plaintiff, with her husband's assistance, selected five pieces of pegboard from the display and loaded them into her husband's truck.

When Plaintiff and her husband returned to the display to select a sixth piece, Plaintiff's husband began leafing through the pegboard, standing the individual pieces of pegboard on their end, with Plaintiff acting like a bookend balancing the pegboard. When several pieces of pegboard had been leafed through and stood up in this manner, other pegboards stacked against the wall fell on those balanced by Plaintiff, and the weight of the boards involuntarily propelled Plaintiff backwards off the sidewalk into the store's parking lot. As Plaintiff moved backwards off balance, she fell over several cinder blocks that Defendant had left in its parking lot after disassembling a plant display. As a result, Plaintiff suffered various injuries, including a broken hip.

Plaintiff brought a tort action against Defendant alleging Defendant set up and maintained the pegboard display in a condition Defendant knew or should have known was hazardous to its customers. Plaintiff further claimed that Defendant failed to maintain its premises in a safe condition by failing to remove the cement blocks from the parking lot.

At trial, Defendant claimed the pegboard display and cement blocks located in the parking lot were open and obvious conditions, relieving Defendant from any duty to warn Plaintiff or remedy the conditions. Furthermore, Defendant alleged the negligence of Plaintiff and her husband caused or contributed to her injuries. The jury returned a verdict in favor of Plaintiff, finding Plaintiff fifteen percent negligent, Plaintiff's husband thirty percent negligent, and Defendant fifty-five percent negligent and awarding total damages in the amount of $215,000.

Following the jury's verdict, Defendant moved for a judgment as a matter of law and alternatively for a new trial or remittitur. The trial court denied both motions and entered judgment in accordance with the jury's verdict, reducing the jury's award of damages by the percentage of negligence of Plaintiff and her husband. Defendant now appeals.

On appeal, Defendant contends the district court erred by: (1) refusing to grant Defendant's motion for judgment as a matter of law, (2) failing to instruct the jury on the burden of proof concerning third party negligence, (3) erroneously instructing the jury regarding the duty owed a business invitee, (4) erroneously instructing the jury regarding Defendant's open and obvious defense, (5) taking judicial notice of a municipal ordinance and erroneously giving a jury instruction on the ordinance, (6) failing to grant a new trial based on, inter alia, Plaintiff counsel's improper comment on Defendant's offer to pay medical expenses during the course of closing arguments, and (7) failing to grant Defendant's motion for remittitur. Finding error in the court's jury instructions, we reverse and remand for a new trial. We address each of Defendant's claims in turn.[1]

## I.

 Defendant argues it was not negligent and thus entitled to judgment as a matter of law because (1) Plaintiff's husband

---

* The Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. Because we find error in the court's jury instructions, we do not address Defendant's claims

that the district court erroneously failed to grant a new trial or remittitur—*i.e.,* issues six and seven.

was the proximate cause of the accident, and (2) the pegboard display and cement blocks were open and obvious conditions. We review a district court's denial of a motion for judgment as a matter of law de novo, *Johnson v. Thompson*, 971 F.2d 1487, 1495 (10th Cir.1992) *cert. denied,* —— U.S. ——, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993), and determine "whether there is evidence upon which the jury could properly find a verdict for the party [against whom the motion is directed]." *Rajala v. Allied Corp.,* 919 F.2d 610, 615 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1685, 114 L.Ed.2d 80 (1991). "[W]e must construe the evidence and inferences most favorably to the nonmoving party", *Ralston Dev. Corp. v. United States,* 937 F.2d 510, 512 (10th Cir.1991) (quoting *Zimmerman v. First Federal Sav. & Loan Ass'n,* 848 F.2d 1047, 1051 (10th Cir.1988)), and refrain from weighing the evidence, passing on the credibility of witnesses, or substituting our judgment for that of the jury. *Brown v. McGraw–Edison Co.,* 736 F.2d 609, 613 (10th Cir.1984). Although federal law dictates whether a judgment as a matter of law is appropriate, *Brown,* 736 F.2d at 612, in a diversity action we examine the evidence in terms of the underlying burden of proof as dictated by state law. *See Rajala,* 919 F.2d at 615.

■ We apply Oklahoma law in this case and under Oklahoma law, a party seeking to establish negligence must prove by a preponderance of the evidence: (1) a duty owed by the defendant to the plaintiff to use ordinary care, (2) a breach of that duty, and (3) an injury proximately caused by the defendant's breach of duty. *Thompson v. Presbyterian Hosp.,* 652 P.2d 260, 263 (Okla. 1982). A business owner owes a duty to its invitees or customers to exercise ordinary care to keep aisles and other parts of the premises used by invitees in transacting business in a reasonably safe condition. *Williams v. Safeway Stores, Inc.,* 515 P.2d 223, 225 (Okla.1973). A business owner also must warn customers of dangerous conditions on the premises which are known or should reasonably be known by the owner. *Id.* There is no duty, however, to protect or warn an invitee about dangers readily apparent and observable and which would be dis-

covered by the invitee in the exercise of ordinary care. *Nicholson v. Tacker,* 512 P.2d 156, 158 (Okla.1973); *Beatty v. Dixon,* 408 P.2d 339, 343 (Okla.1965).

### A.

■ Defendant first argues it was entitled to judgment as a matter of law because the action of Plaintiff's husband in leafing through the pegboard was the proximate cause of the accident and Plaintiff's injuries. The evidence at trial indicated that Plaintiff was injured as a result of the "practically upright" pieces of pegboard falling forward when Plaintiff's husband began leafing through them, propelling her into several cement blocks Defendant had left in the parking lot after disassembling a plant display, causing Plaintiff to suffer serious injuries. Upon examination by the court, an employee of the Defendant admitted that Plaintiff's husband browsed through the display and made selections from the display in a manner anticipated by Defendant. A review of the record before us allows us to conclude that from the evidence presented at trial, and the reasonable inferences drawn therefrom, the jury could have found that negligence on the part of Defendant proximately caused Plaintiff's accident and injuries.

### B.

■ Defendant next argues it was entitled to judgment as a matter of law because it owed no duty to Plaintiff to remedy or warn of any dangerous condition of the display because the pegboard display and cement blocks were open and obvious conditions. In support of its argument, Defendant cites Plaintiff's testimony in which she admits that she had observed the display both prior to and on the day of her accident, that there was nothing hidden about the way the pegboard display was set up, and that she knew there were plant displays placed in the parking lot.

While it is true that the pegboard and cement blocks were not hidden from view, nothing in the record supports the conclusion that the inherent danger of the setup was

open and obvious. To the contrary, Defendant's assistant manager testified that the display looked safe. Furthermore, another witness for Defendant testified that Plaintiff and her husband examined the pegboard and made selections from the display in a manner anticipated by Defendant. In reviewing the evidence in the light most favorable to Plaintiff, *see Rajala,* 919 F.2d at 615, we conclude the evidence created a question of fact as to whether the pegboards and the cement blocks presented open and obvious *dangers* which a person exercising ordinary care should have appreciated. *See e.g., Brown,* 736 F.2d at 614 (finding judgment as a matter of law improper where evidence created fact question for jury). We therefore conclude the district court properly denied Defendant's motion for judgment as a matter of law.

## II.

Defendant argues the district court erroneously instructed the jury in four instances. "In reviewing a challenge to a jury instruction, we consider the instructions given as a whole." *Furr v. AT & T Tech. Inc.,* 824 F.2d 1537, 1549 (10th Cir.1987). We must determine whether the instructions "state the law which governs and provided the jury with an ample understanding of the issues and the standards applicable." *Big Horn Coal Co. v. Commonwealth Edison Co.,* 852 F.2d 1259, 1271 (10th Cir.1988). We therefore "consider all that the jury heard and, from [the] standpoint of the jury, decide 'not whether the charge was faultless in every particular but whether the jury was misled in any way and whether it had [an] understanding of the issues and its duty to determine [those] issues.'" *Id.* An error in jury instructions will mandate reversal of a judgment only if the error is determined to have been prejudicial after reviewing the record as a whole. *Durflinger v. Artiles,* 727 F.2d 888, 895 (10th Cir.1984) (citing *Alloy Int'l Co. v. Hoover-NSK Bearing Co.,* 635 F.2d 1222 (7th Cir.1980)).

## A.

Defendant argues the district court erred in refusing to instruct the jury on the burden of proof concerning third party negligence. Defendant's tendered instruction stated:

As to the allegations of the Defendant, Wal-Mart Stores, Inc., that an unknown third-party was negligent in continuing to overload Plaintiff with peg board, the Defendant has no burden of proof as to this issue. The jury shall consider the evidence as to this allegation in considering whether or not the Plaintiff's allegations against the Defendant, Wal-Mart Stores, Inc., have been proven by a preponderance of the evidence.

Defendant claims the district court should have tendered the proposed instruction because the jury could have mistakenly believed that Defendant carried the burden of proof regarding third party negligence.

The district court's instructions as a whole properly allocated the burden of proof among the parties. The court's instructions clearly stated Plaintiff had the burden to show by a preponderance of the evidence that Defendant's negligence was a direct cause of Plaintiff's injuries. Furthermore, the district court's instruction on comparative negligence required the jury to compare the negligence of the third party with the negligence of the Plaintiff. The exclusion of a jury instruction is within the discretion of the district court, *Richards v. Attorneys' Title Guar. Fund, Inc.,* 866 F.2d 1570, 1575 (10th Cir.), *cert. denied,* 491 U.S. 906, 109 S.Ct. 3189, 105 L.Ed.2d 697 (1989), and we hold the district court did not abuse its discretion in refusing to submit Defendant's instruction to the jury.

## B.

Defendant claims the district court misstated the law concerning the duty owed a business invitee in its jury instructions. In instructing the jury, the district court set forth the Defendant's duty to maintain its premises for invitees as follows:

It is the duty of the owner to use ordinary care to keep its premises in a reasonably safe condition for the use of its invitees. It is the duty of the owner to warn invitees of dangerous conditions upon the premises

that are known by the owner but not by the invitee. This duty extends to all portions of the premises to which an invitee may reasonably be expected to go.

Because the district court's instruction correctly states the law regarding the duty a storeowner owes to its customers, *see Williams v. Safeway Stores, Inc.,* 515 P.2d 223, 225 (Okla.1973) (storeowner must exercise ordinary care to keep premises in reasonably safe condition and warn of dangerous conditions known to storeowner but not to customers), we find no error in the district court's instruction.

## C.

■ Defendant also challenges the district court's instruction as to Defendant's duty to warn of open and obvious conditions. The district court instructed the jury:

There is no duty to warn invitees of an open and obvious condition when it is readily observable; therefore an owner/invitor will not be liable for injuries resulting from an encounter with a danger that is obvious and should have been observed in the exercise of ordinary care. The invitee assumes all the normal or ordinary risks incident to the voluntary use of premises with open and obvious dangerous conditions, even though she subjectively did not see the conditions.

However, the defense of open and obvious is not applicable when a person is involuntarily propelled directly into the hazard that is alleged to be open and obvious. This situation is distinguished ·from those where an invitee freely and voluntarily exposes herself to an open and obvious danger.

Defendant claims this instruction requires reversal because (1) Defendant's proposed jury instruction on open and obvious conditions was a more accurate statement of the law than the first paragraph given by the court, and (2) the final paragraph of the instruction expands the duty owed by Defendant regarding an open and obvious condition beyond that required by Oklahoma law.

■ We reject Defendant's claim regarding the first paragraph of the court's instruction because the instruction correctly states the law concerning the open and obvious defense, *see Sutherland v. Saint Francis Hospital, Inc.,* 595 P.2d 780, 783 (Okla.1979) (invitee need not be warned or protected from open and obvious conditions); *Beatty v. Dixon,* 408 P.2d 339, 343 (Okla.1965) (invitee assumes all normal, obvious or ordinary risks attendant with use of premises), and because we see no difference in the law as stated by the court and the instruction proposed by the Defendant. *See Durflinger,* 727 F.2d at 895 (litigants not entitled to their own instruction when it contains substantially same information as district court's instruction).

■ We also reject Defendant's claim that the final paragraph of this instruction was erroneous. Under Oklahoma law, a business invitee assumes all normal and ordinary risks incident to the use of a business owner's premises. *Beatty,* 408 P.2d at 343. Furthermore, an invitor has no duty to correct or warn of an open and obvious condition because (1) when the invitee is confronted with an open and obvious condition he is in a better position than the invitor to perceive and appreciate the danger posed by the open and obvious condition, *see Sutherland,* 595 P.2d at 783, and (2) the open and obvious condition "is akin to the [property owner] nailing a 'Danger' sign on the premises." *Nicholson v. Tacker,* 512 P.2d 156, 159 (Okla. 1973).

The district court's instruction was supported by competent evidence from which the jury could have found Plaintiff was involuntarily propelled into cement blocks Defendant had left in its parking lot. Involuntary propulsion into an open and obvious condition is not a normal and ordinary risk associated with the use of an invitor's premises, and a business invitee who is involuntarily propelled into an open and obvious condition is not in a better position than the invitor to perceive or protect against the condition. Such invitee is unable to appreciate the inherent "warning" that accompanies an open and obvious condition when involuntarily propelled into it. Thus, the district court's instruction concerning involuntary propulsion is a correct statement of Oklahoma law and we find no error.

### D.

Defendant next challenges the district court's instruction concerning a City of Woodward municipal ordinance. Section 14–301(a) of the ordinance prohibits the obstruction of public ways. The district court took judicial notice of this section and instructed the jury in pertinent part:

> In addition to the duty to exercise ordinary care there are also duties imposed by ordinances. If you find that a party violated the following ordinance and such violation in and of itself was a direct cause of the injury, then such violation would make such person negligent. There was in force and effect in Oklahoma the City of Woodward at the time of the occurrence the following ordinances:
>
> Section 14–301. (a) No person, firm or corporation shall obstruct or cause to be obstructed any avenue, street, alley, sidewalk, or other public way, in any manner as to interfere to any extent in the use thereof of the public, or as to interfere with pedestrian or vehicular traffic or parking thereon, excepting as may be necessary for the loading and unloading of any merchandise or farm products.

■■■ The district court found Defendant's parking lot constituted a public way for purposes of the ordinance because "[s]ection 14–301[ ] pertain[s] to areas dedicated to public passage and access, which would be true of the Wal–Mart parking lot." (Appellant's App. at 120). The district court further noted that the application of the ordinance "does not depend on a street's formal dedication, as opposed to Wal–Mart's invitation, to use the way." (Appellant's App. at 65–66). Defendant asserts that the district court erroneously instructed the jury concerning section 14–301(a) of the ordinance because its parking lot cannot be considered a public way.

■■■ Under Oklahoma law, a parcel of property becomes a public way through an act of dedication of the land to the public for public use. *See e.g., Dorris v. Hawk,* 292 P.2d 417, 420 (Okla.1956) (alley classified as a public way due to official deed of dedication granting use of property for a public purpose); *City of Guymon, Texas County v. Buford,* 585 P.2d 395, 398–99 (Okla.App.1978) (no public way where there was no dedication of property for public use and owners bore cost of improving and maintaining the property). A dedication of property to the public consists of: (1) an intention by the property owner, clearly indicated in words or acts, to dedicate the land to public use, and (2) an acceptance by the public of the dedication. *Board of County Commissioners of Oklahoma County v. Brown,* 287 P.2d 917, 919 (Okla.1955). Once the property has been dedicated as a public way, its "distinguishing characteristic . . . is that it is open to general public use." *Dorris,* 292 P.2d at 419–20.

There is no evidence in the record indicating Defendant clearly showed an intention by acts or words to dedicate its private parking lot for public use. At most, the record indicates that Defendant's private parking lot was used by its business invitees, as opposed to the public at large. In an analogous situation, Oklahoma courts have held that school parking lots, which are open for use by the school's invitees rather than the general public, are not public ways. *See Robinson v. City of Bartlesville Bd. of Educ.,* 700 P.2d 1013, 1015 (Okla.1985). Furthermore, there is no indication that Defendant dedicated the lot for public use by express terms of a plat. *See* Op.Okla.Att'y Gen. 79–231 (August 29, 1979) ("[s]treets and other public ways are generally dedicated to the city for the use of the public by the express terms of [a] plat"). We therefore hold the district court improperly instructed the jury concerning section 14–301(a).[2]

■■■ When a district court erroneously submits one of two or more issues to the jury, we must reverse if "it cannot be determined whether the jury relied on the improp-

---

2. In her brief, Plaintiff attempts to support the jury instruction by arguing that Defendant's parking lot constitutes a public way because the parking lot is open not only for Defendant's patrons but also for patrons of two other stores. This statement is unsupported by the record and would not alter our conclusion in any event because Plaintiff's assertions merely indicate that Defendant's parking lot is open to business invitees of a shopping center, as opposed to the public at large.

er ground." *Farrell v. Klein Tools, Inc.*, 866 F.2d 1294, 1299 (10th Cir.1989). In the instant case, the district court instructed the jury on both ordinary negligence principles and negligence per se with regard to a violation of section 14–301(a) of the municipal ordinance. Given the general verdict, we cannot determine whether the jury based its verdict on a finding that Defendant violated section 14–301(a) of the ordinance, giving rise to negligence per se, or on principles of ordinary negligence. Because it is possible that the jury based its conclusion of negligence entirely upon negligence per se as contemplated by this improper jury instruction, we must reverse and remand for a new trial.[3]

REVERSED and REMANDED.

**3.** Because we reverse the district court's judgment due to an improper jury instruction, we need not consider Defendant's claim that the trial court erred in failing to grant a new trial based upon improper closing remarks by Plaintiff's counsel. However, we note that in his closing, Plaintiff's counsel referred to Defendant's offer to pay Plaintiff's medical expenses in order to suggest that Defendant was liable for Plaintiff's injuries. Because Plaintiff's argument was clearly improper, we reject any attempt by Plaintiff to justify the comment.