45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellant,
v.
Joe Paul STINSON, Defendant-Appellee.
 No. 94-7017.
 United States Court of Appeals, Tenth Circuit.
 Dec. 23, 1994.
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff State Farm Fire and Casualty Company appeals from an order of the district court[2] denying its motion for a new trial and for judgment as a matter of law (JMOL) following the jury's verdict for defendant Joe Paul Stinson. We affirm.
 
 
 4
 Defendant submitted a claim under his homeowner's policy after his home was damaged by fire. State Farm determined the fire was intentionally set and denied the claim on the basis that defendant had either caused or had the fire set at his direction and, therefore, had breached the insurance contract by violating the fraud and false swearing provisions of the policy. State Farm commenced this declaratory judgment action seeking a determination as to whether defendant was entitled to recover under the policy. The jury determined defendant had not violated the policy and awarded defendant damages.
 
 
 5
 On appeal, State Farm argues the trial court erred in denying its motion for a new trial or JMOL because the court should have admitted the hearsay testimony of one witness, Brenda McCamish, offered by video deposition. State Farm also argues defendant submitted insufficient evidence to prove the amount of his damages.
 
 
 6
 We review the district court's denial of a motion for a new trial for an abuse of discretion. Glenn v. Cessna Aircraft Co., 32 F.3d 1462, 1466 (10th Cir.1994). We review the district court's denial of a motion for JMOL de novo to determine whether evidence was presented upon which the jury could properly find for defendant. Brown v. Wal-Mart Stores, Inc., 11 F.3d 1559, 1563 (10th Cir.1993). In making this review, we construe the evidence most favorably to defendant without weighing the evidence, determining the credibility of the witnesses, or substituting our judgment for that of the jury. Id.
 
 
 7
 State Farm sought admission of a statement by Ms. McCamish relating that a friend of defendant's, Mr. Van Hadder, had told her he had set the fire for defendant in return for drugs and money. State Farm sought the admission of the statement as an exception to the hearsay rule under Fed.R.Evid. 804(b)(3). Rule 804(b)(3) permits admission of a statement if the declarant is unavailable and if, at the time the statement was made, it "so far tended to subject the declarant to civil or criminal liability, ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true."
 
 
 8
 State Farm argues Mr. Van Hadder's statement was admissible as against his penal interest pursuant to Okla. Stat. tit. 21, 1401. This may be true. However, the record before us contains no evidence addressing the first prong of Rule 804(b)(3) that Mr. Van Hadder be unavailable. Absent record evidence, we cannot make such a presumption. See Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enters., Inc.), 997 F.2d 1321, 1323 (10th Cir.1993)(counsel bears the responsibility to ensure the record on appeal is complete).
 
 
 9
 Even if such a showing were made, we still would not find that the district court abused its discretion in not admitting this testimony. Ms. McCamish's testimony was presented by means of a video deposition thus denying defendant any opportunity to cross-examine Ms. McCamish or to explore her credibility for the jury. In a sworn statement, Ms. McCamish asserted defendant had heard Mr. Van Hadder make the statement to her and she had informed the police of the statement when she was working with them on a "drug bust." Appellant's App. at 344, 346. Over a year later in the video deposition, Ms. McCamish asserted defendant was not present when Mr. Van Hadder made his statement and she had told the police of the statement while she was at the police station filing a report on her husband for beating her. Id. at 366, 376. We note the court did admit Ms. McCamish's statement that defendant had told her he had had his home burned so his ex-wife, who had a lien against the house, would not get anything. The jury did not find this statement credible.
 
 
 10
 The district court did not abuse its discretion in denying State Farm's motion for a new trial on this issue. Nor did the district court err as a matter of law in denying State Farm's motion for JMOL, because the court did not abuse its discretion in refusing to admit the statement under Rule 804(b)(3). See United States v. Emmons, 24 F.3d 1210, 1216 (10th Cir.1994)(evidentiary rulings are committed to the discretion of the trial judge).
 
 
 11
 State Farm argues defendant presented insufficient evidence to support his counterclaim for damages because he did not testify as to the amount of damage sustained or what it would cost to repair the house. According to the pretrial order, defendant needed to establish only the value of the damage to the dwelling as a result of the fire. See Hernandez v. Alexander, 671 F.2d 402, 407 (10th Cir.1982)(pretrial order controls subsequent litigation). Defendant presented the only evidence on this issue, a "Sworn Statement in Proof of Loss," which he had submitted to State Farm. In that statement, defendant asserted the house had cost $75,000.00 when purchased, he claimed $77,400.00 as the value of his loss. The jury also saw photographs of the burned home and could judge for itself whether the damage claimed comported with the damage it observed in the photos.
 
 
 12
 While State Farm did argue in its motion for JMOL that the evidence was insufficient, it presented no such argument or supporting evidence to the jury. The jury thus was free to accept defendant's uncontroverted evidence. We find no error in the trial court's denial of plaintiff's motion for a new trial or JMOL on this issue.
 
 
 13
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The parties agreed to have this case heard pursuant to 28 U.S.C. 636(c). Therefore, the appeal is properly taken from the magistrate judge's order. We refer to this order as being issued by the district court