66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jim POWELL, as Guardian ad litem, for the Estate of Dorothy
M. Powell, deceased, Plaintiff-Appellant,
v.
WAL-MART STORES, INC., a Delaware corporation, Defendant-Appellee.
 No. 94-6442.
 United States Court of Appeals, Tenth Circuit.
 Sept. 14, 1995.
 
 Before TACHA, LOGAN, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Jim Powell, guardian ad litem for the estate of his deceased wife, Dorothy Powell, appeals an order of the United States District Court for the Western District of Oklahoma granting summary judgment for defendant Wal-Mart Stores, Inc., in a personal injury case. Dorothy Powell died of causes unrelated to Wal-Mart after filing this action, and Jim Powell has been substituted as plaintiff. We have jurisdiction under 29 U.S.C. 1291, and we affirm.
 
 
 3
 We review a grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). James v. Sears, Roebuck & Co., Inc., 21 F.3d 989, 997-98 (10th Cir.1994). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " Hagelin for President Committee v. Graves, 25 F.3d 956, 959 (10th Cir.1994)(quoting Rule 56(c)), cert. denied, 115 S.Ct. 934 (1995).
 
 
 4
 Dorothy Powell was a frequent shopper at defendant's store in Shawnee, Oklahoma. Because of illness, she regularly used a motorized cart provided by the store for the use of disabled customers, and she was familiar with the cart's operation. Plaintiff alleges that because employees were restocking shelves and boxes were blocking an aisle, Dorothy Powell was forced to back the cart and turn around. While backing the cart, she hit a stationary display rack and cut her arm.
 
 
 5
 Although plaintiff did not include a copy of the complaint in the record on appeal, it appears that this tort action was brought against defendant for negligence in allowing its employees to block the aisle and in failing to warn its customers of a sharp edge on the display rack. The district court granted defendant's motion for summary judgment, holding that the undisputed facts established that plaintiff could not prove the essential elements of a negligence claim.
 
 
 6
 The district court held the presence of employees and boxes in the aisle was an open and obvious condition which did not give rise to a duty to warn by defendant. As regards defendant's duty to warn business invitees of the sharp edge on the rack, the court held there was no evidence to establish the edge was unreasonably or dangerously sharp. The court noted the only evidence before the court was to the contrary, and referenced plaintiff's deposition where he testified he did not touch the rack and had no independent verification of the claim that the rack was unusually sharp. The court also held defendant had no knowledge of the allegedly dangerous condition of the rack. The district court found plaintiff's argument that the rack was put in place by defendant's employees and had been in place for a period of approximately four months did not establish that defendant knew the rack was inherently dangerous. There was no evidence that any prior complaint, or any other type of information, had been conveyed to defendant, which would establish defendant's prior knowledge of the dangerous condition of the rack.
 
 
 7
 Under applicable Oklahoma law, to establish negligence, plaintiff must prove by a preponderance of the evidence "(1) a duty owed by the defendant to the plaintiff to use ordinary care, (2) a breach of that duty, and (3) an injury proximately caused by the defendant's breach of duty." Brown v. Wal-Mart Stores, Inc., 11 F.3d 1559, 1563 (10th Cir.1993); Thompson v. Presbyterian Hosp., Inc., 652 P.2d 260, 263 (Okla.1982).
 
 
 8
 Under Oklahoma law, "[t]he existence of a duty is an essential element of a negligence claim; without it the claim must fail." Henry v. Merck & Co., Inc., 877 F.2d 1489, 1492 (10th Cir.1989). A business has a duty to keep its premises reasonably safe for its business invitees by keeping the premises reasonably free of "defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like which are not known to the invitee and would not be observed by him in the exercise of ordinary care. The basis of the invitor's liability rests on the owner's superior knowledge of the danger." Southerland v. Wal-Mart Stores, Inc., 848 P.2d 68, 69 (Okla.Ct.App.1993). The owner also has a duty to warn invitees of "dangerous conditions on the premises which are known or should reasonably be known by the owner." Brown, 11 F.3d at 1563.
 
 
 9
 The owner's duty to warn, however, does not extend to defects or conditions which are open and obvious, and which, with due diligence, would be readily apparent to the plaintiff. Esther v. Wiemer, 859 P.2d 1140, 1142 (Okla.Ct.App.1993). Here, because the blocking of the aisle by the employees and boxes and the existence and placement of the display rack were all visible and readily apparent, defendant had no duty to warn Dorothy Powell.
 
 
 10
 Plaintiff argues that whether the sharp edge of the display rack was readily apparent is a disputed question of material fact. Although the blocked aisle and the rack itself were open and obvious, the record does not show that the condition of the edge of the rack was open and obvious. Defendant maintains there was no proper evidence that the edge of the rack was sharp, but the undisputed fact that Dorothy Powell's arm was cut established for purposes of summary judgment that the rack had a dangerously sharp edge.
 
 
 11
 Relying on Rogers v. Hennessee, 602 P.2d 1033, 1035 (Okla.1979), defendant argues it cannot be held liable because there was no evidence that it had any knowledge or notice of the sharp edge. Relying on Williams v. Safeway Stores, Inc., 515 P.2d 223, 225 (Okla.1973), and Brown v. Tulsa Exposition & Fair Corp., 429 P.2d 767, 770 (Okla.1967), plaintiff argues he was not required to come forward with any evidence that defendant had notice or knowledge of the dangerous condition of the rack to establish the owner's duty because defendant created the condition when it placed the sharp-edged rack at the end of the aisle. In Rogers, the court acknowledged the rule urged by plaintiff, that an injured customer must show that defendant either created or had notice of the condition. 602 P.2d at 1035; see McKinney v. Harrington, 855 P.2d 602, 604 (Okla.1993).
 
 
 12
 Moreover, the Oklahoma Supreme Court has abolished the notice requirement in slip and fall actions against self-service retailers. In Lingerfelt v. Winn-Dixie Texas, Inc., 645 P.2d 485, 489 (Okla.1982), the court held that "when an invitor creates such a foreseeable, unreasonable risk, whether by the direct act of an employee or by his own indirect carelessness or negligence, he is liable for the consequences thereof and Shopper need not prove notice of the specific condition thus created." See White v. Wynn, 708 P.2d 1126, 1128-29 (Okla.1985).
 
 
 13
 However, the invitor is not strictly liable for injuries caused by all conditions it or its employees create; it remains necessary for plaintiff to prove that defendant was negligent in creating or failing to discover and remove the dangerous condition. Lingerfelt, 645 P.2d at 487-89. In several slip and fall cases, the Oklahoma appellate courts have explained that an injured customer must prove that defendant either negligently caused the dangerous condition or had actual or constructive notice of it long enough to permit its removal in the exercise of ordinary care. See Lingerfelt, 645 P.2d at 487; Kassick v. Spicer, 490 P.2d 251, 253-54 (Okla.1971); Safeway Stores, Inc. v. Criner, 380 P.2d 712, 716 (Okla.1963); Glover v. Montgomery Ward & Co., 536 P.2d 401, 408 (Okla.Ct.App.1975).
 
 
 14
 Brown v. Tulsa Exposition & Fair Corp., 429 P.2d 767, 770 (Okla.1967), is consistent with these cases. In Brown, the court followed the rule in Restatement of Torts that a possessor of land can be liable for injuries caused by a dangerous condition on the premises "if, but only if, he knows or by the exercise of reasonable care would discover the condition." Restatement (Second) of Torts 343(a) (1965). Comment d to 343, also quoted in Brown, states that "[a]n invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises."
 
 
 15
 Defendant points to evidence in the record that its employees neither knew nor had any reason to know there was a sharp edge on the rack. The parties agree the display rack had been in place in the store for approximately four months, and defendant received no complaints or comments regarding the safety of the rack or the sharp edge of the rack during that time. Inspection of the rack after the accident did not reveal the sharp edge.
 
 
 16
 Summary judgment is appropriate when the non-moving party cannot adduce probative evidence on an element of its claim on which it bears the burden of proof. Rohrbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir.1995). To avoid summary judgment on the claim that defendant was negligent in placing a rack with a sharp edge at the end of an aisle, plaintiff was required to come forward with evidence that defendant knew or had reason to know the display rack had a sharp edge. He has failed to do so. He points to no evidence, other than the existence of the display rack per se, to establish that defendant knew or should have known that the edge of the rack was dangerous.
 
 
 17
 Plaintiff also notes, but without argument, that defendant has raised the defense of assumption of the risk. However, assumption of the risk is only viable when the elements of negligence have been established. Kastning v. Melvin Simon & Assoc., Inc., 876 P.2d 239, 240 (Okla.1994). Accordingly, because we hold that plaintiff failed to prove the essential elements of the negligence claim, we do not address the assumption of the risk argument.
 
 
 18
 Reviewing the parties' briefs and the record on appeal, and construing the facts in a light most favorable to plaintiff, we conclude there is no substantial dispute as to any material fact, and the district court's grant of summary judgment to defendant is appropriate. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470