70 F.3d 123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marita DAVIS, Plaintiff-Appellant,
v.
WAL-MART STORES, INC., Defendant-Appellee.
 No. 95-6216.
 United States Court of Appeals, Tenth Circuit.
 Nov. 14, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Marita Davis appeals the summary judgment granted for defendant Wal-Mart Stores, Inc. in this diversity personal injury case. Our review is de novo, applying the same legal standard used by the district court. See Fed.R.Civ.P. 56(c); James v. Sears, Roebuck & Co., Inc., 21 F.3d 989, 997-98 (10th Cir.1994). We must determine whether there were issues of material fact which justify submitting the case to a jury.
 
 
 3
 Plaintiff, a frequent shopper at defendant's store in El Reno, Oklahoma, injured her knee when she slipped on human feces lying on the floor of the store. The incident occurred approximately fifteen minutes before the 10:00 p.m. store closing time. Plaintiff had just purchased a small item in the hardware department and was entering the main thoroughfare aisle of the store. She was not pushing a cart or carrying any basket or large purchase. According to her testimony she stopped at the corner and looked into the aisle, but did not look down where she would have seen the substance. The floor in the area was white tile; the substance was dark brown in color, about four and a half inches in diameter and apparently two and a half inches in height.
 
 
 4
 There were no other persons between plaintiff and the substance, and no physical obstructions to prevent her view. Plaintiff's testimony, and that of the janitor who cleaned it up, were that there were no other skid marks or indications that anyone else had stepped on the substance. Apart from plaintiff's testimony that its color was such that it could have been there for some time, no evidence or information was presented as to how long the substance had been on the floor, or that any Wal-Mart employee had seen it. Plaintiff admits that the feces could have been deposited on the floor only a few moments before she entered the aisle. The janitor, under questioning, speculated that the substance could have come from an old man who sometimes visited the store and who had been observed on two prior occasions to have lost control of his bodily functions while in the store. The janitor remembered seeing that man in the store at approximately the time plaintiff's injury occurred.
 
 
 5
 Defendant moved for summary judgment, arguing that the substance was in open and obvious view and that there was no showing that Wal-Mart had knowledge or notice of the substance's existence. The district court's order granting summary judgment discussed only the open and obvious issue, without commenting on the store's knowledge of the substance's existence.
 
 
 6
 Defendant is not a guarantor against harm occurring to customers in its store. It must be shown to be negligent. Under Oklahoma law plaintiff must prove by a preponderance of the evidence that defendant owed plaintiff a duty to use ordinary care, a breach of that duty, and injury proximately caused by the breach. Brown v. Wal-Mart Stores, Inc., 11 F.3d 1559, 1563 (10th Cir.1993); Thompson v. Presbyterian Hosp., Inc., 652 P.2d 260, 263 (Okla.1982). We agree with the district court that not enough evidence was produced in this case to warrant submission of the issue of defendant's negligence to the jury.
 
 
 7
 The district court found that the substance, lying on the white tile floor in a main aisle with no obstructions, was an open and obvious hazard of which Wal-Mart had no duty to warn. We cannot differentiate this case from the recent Oklahoma decision Southerland v. Wal-Mart Stores, Inc., 848 P.2d 68 (Okla.Ct.App.1993), in which a plaintiff tripped and fell over an orange electrical cord lying on a white tile floor in another Wal-Mart store in Oklahoma. There the district court granted summary judgment, and the Oklahoma Court of Appeals affirmed on ground that where the danger should have been readily apparent to the plaintiff the defendant had not breached that duty to the plaintiff. See also Safeway Stores, Inc. v. McCoy, 376 P.2d 285 (Okla.1962) (store customer tripped over curb in parking lot while vision was obstructed by bag of groceries she was carrying).
 
 
 8
 Even if the substance was not an open and obvious hazard, there was no showing that it originated with Wal-Mart or one of its employees, that Wal-Mart had or should have had notice of its existence before the accident, or that Wal-Mart was negligent in not discovering the substance or cleaning it up before plaintiff slipped on it. Plaintiff acknowledged that during her twice a week visits the store was generally clean. That the substance was a dark brown color is not sufficient in itself to indicate its presence for any significant time, considering its size, its location in a main aisle of the store where there were other traffickers, and that no one else had stepped in it.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470