78 F.3d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Evelyn Maxine DYE, Plaintiff-Appellant,
v.
KENTUCKY FRIED CHICKEN, INC., a corporation, and United
States Fidelity and Guaranty Company, Defendants-Appellees.
 No. 94-5196.
 D.C. No. 93-C-973-B.
 United States Court of Appeals, Tenth Circuit.
 March 4, 1996.
 
 Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from the district court's order granting defendant Kentucky Fried Chicken, Inc., summary judgment on plaintiff's negligence claim asserted under Oklahoma law. In light of the district court's subsequent dismissal of plaintiff's other remaining claims, this court now has jurisdiction to consider this appeal under 28 U.S.C. 1291. See Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir.1988).
 
 
 3
 Summary judgment is appropriate only if there are no genuinely disputed material facts and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We review the district court's summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Carl v. City of Overland Park, 65 F.3d 866, 868 (10th Cir.1995). Upon consideration of the record and the parties' arguments on appeal, we affirm.
 
 
 4
 The parties do not dispute the following facts: While walking across the parking lot and drive through lane towards the entrance of one of defendant's restaurants, plaintiff was startled by a car coming around the corner of the building. In an attempt to get out of the way of the car, plaintiff, who was at this time five to six inches from the curb, attempted to step up onto the curb, but instead fell and was injured. In her deposition, plaintiff testified that she had an unobstructed view of the curb, as well as the restaurant building and the drive through lane, as she walked towards the restaurant's entrance.
 
 
 5
 Plaintiff alleged that defendant "was negligent in maintaining a drive-thru exit within close proximity to the entrance door of the restaurant" and that "[t]his dangerous condition, in combination with the acts of the driver of the vehicle, are the sole and proximate cause of plaintiff's injuries." Appellant's App., doc. B at 2.
 
 
 6
 In order to assert a prima facie claim of negligence under Oklahoma law, the plaintiff must establish "(1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure properly to exercise or perform that duty and (3) the plaintiff's injuries proximately caused by the defendant's breach." Jackson v. Jones, 907 P.2d 1067, 1072 (Okla.1995). While a landowner has a duty to keep his premises reasonably safe for an invitee such as plaintiff, no such duty exists where the danger is open and obvious. Brown v. Wal-Mart Stores, Inc., 11 F.3d 1559, 1563 (10th Cir.1993)(applying Oklahoma law). In light of the undisputed facts in this case, the district court did not err in determining, as a matter of law, that any danger to plaintiff presented by the proximity of the drive through lane to the restaurant's entrance was open and obvious. Appellant's App., doc. H at 6-7. See, e.g., Kastning v. Melvin Simon & Assocs., Inc., 876 P.2d 239, 240 (Okla.1994) (affirming determination, made as matter of law, that hazard was open and obvious); Sutherland v. Saint Francis Hosp., Inc., 595 P.2d 780, 784 (Okla.1979) (same).
 
 
 7
 Defendant, therefore, had no duty to protect or warn plaintiff of this danger. See Brown, 11 F.3d at 1563 ("There is no duty ... to protect or warn an invitee about dangers readily apparent and observable and which would be discovered by the invitee in the exercise of ordinary care."). "[W]here there is no duty, there can be no negligence." Southerland v. Wal-Mart Stores, Inc., 848 P.2d 68, 70 (Okla.Ct.App.1993). The district court, therefore, did not err in granting defendant summary judgment.
 
 
 8
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 9
 HENRY, Circuit Judge, dissenting.
 
 
 10
 I respectfully dissent from the majority's opinion because this is an appeal from a grant of summary judgment. Retail food operations do have the responsibility to design their drive through windows safely. In some circumstances I believe that might require warning signs, rails, or other devices. On the record before us, I am not able to conclude that this design is an open and obvious danger.
 
 
 11
 I would let this matter proceed to trial to determine if there was either negligent design or a duty to warn.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470