F I L E D
United States Court of Appeals
Tenth Circuit

SEP 26 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SHIRLEY HALL,

      Plaintiff-Appellee,

  and

JAMES HALL,

      Plaintiff,

v.

WAL-MART STORES, INC.,

      Defendant-Appellant.

No. 96-6109
(D.C. No. CIV-95-888-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Defendant Wal-Mart Stores, Inc. appeals the district court's denial of its motion for judgment as a matter of law (JMOL), see Fed. R. Civ. P. 50(a), and a jury verdict entered in favor of plaintiffs Shirley and James Hall.  We affirm.

## I.  Jurisdiction

Plaintiff-appellee Shirley Hall filed a motion to dismiss this appeal on the ground that we lack jurisdiction because the notice of appeal was untimely. The district court entered judgment on the jury's verdict on February 20, 1996. Ms. Hall moved for pre- and post-judgment interest nine days later.  Wal-Mart filed its notice of appeal on March 18, 1996.  On April 17, 1996, the district court filed an amended judgment awarding pre- and post-judgment interest.  Ms. Hall contends that because Wal-Mart did not file another notice of appeal after April 17, the notice of appeal was premature and ineffective.  We disagree.

> A notice of appeal filed after announcement or entry of the judgment
> but before disposition of any of the above [specified] motions is
> ineffective to appeal from the judgment or order, or part thereof,
> specified in the notice of appeal, until the entry of the order
> disposing of the last such motion outstanding.

Fed. R. App. P. 4(a)(4).

Ms. Hall's motion for pre- and post-judgment interest was a Fed. R. Civ. P. 59(e) motion and thus falls under the guidelines of Rule 4(a)(4)(C). See Breeden v. ABF Freight System, Inc., 115 F.3d 749, 752 (10th Cir. 1997). Thus, Wal-Mart's notice of appeal was ineffective at the time it was filed, but became effective later when the court resolved Ms. Hall's motion.

However, the notice of appeal was not effective to confer jurisdiction over the court's amended judgment. See Nolan v. United States Dep't of Justice, 973 F.2d 843, 846 (10th Cir. 1992) (premature notice of appeal which ripens at a later date confers jurisdiction only over orders existing at time notice of appeal was filed). As Wal-Mart did not amend its notice of appeal, we may not review the order granting Ms. Hall's motion for pre- and post-judgment interest.

Wal-Mart asserts it does not contest the district court's ruling on pre- and post-judgment interest. Therefore, we have jurisdiction over all issues raised on appeal.

## II. Judgment as a Matter of Law

Ms. Hall commenced this diversity action in district court after she was injured shopping at Wal-Mart. Her injuries were caused when storage crates fell on her as she passed the display at the end of a row of merchandise (end cap). The parties agreed the crates weighed seven pounds each and sixteen were stacked four and a half feet high on the end cap. Ms. Hall alleged Wal-Mart was

-3-

negligent in that it failed to (1) maintain safe premises for invitees, (2) inspect the premises, (3) warn invitees of the crates and that they were likely to fall, and (4) train employees to properly maintain the premises. She also asserted the employees had stacked the crates in an unreasonably unsafe condition.

We review de novo the district court's denial of a JMOL motion. See Wolfgang v. Mid-America Motorsports, Inc., 111 F.3d 1515, 1522 (10th Cir. 1997). We will find error in the district court's denial of such a JMOL "only if the evidence points but one way and is susceptible to no reasonable inferences supporting" Ms. Hall. Id. (quotation omitted). We construe the evidence and inferences therefrom in the light most favorable to Ms. Hall and do "not weigh the evidence, pass on the credibility of witnesses, or substitute our judgment for that of the jury." Id. In a diversity case such as this, federal law governs the appropriateness of a motion for JMOL, while the substantive law of Oklahoma guides our analysis of the underlying claims. See id.

In applying the substantive law of Oklahoma, both the district court and this court must examine that law with the objective of reaching the same result as would be reached by an Oklahoma state court. See Brodie v. General Chem. Corp., 112 F.3d 440, 442 (10th Cir. 1997). We review the district court's determination of state law de novo. See id.

A party seeking to establish negligence under Oklahoma law "must prove by a preponderance of the evidence: (1) a duty owed by the defendant to the plaintiff to use ordinary care, (2) a breach of that duty, and (3) an injury proximately caused by the defendant's breach of duty." Brown v. Wal-Mart Stores, Inc., 11 F.3d 1559, 1563 (10th Cir. 1993) (citing Thompson v. Presbyterian Hosp., Inc., 652 P.2d 260, 263 (Okla. 1982)). An invitor business owner owes a duty to its invitee customers to exercise ordinary care to keep those parts of the premises used by the invitees in a reasonably safe condition. See Southerland v. Wal-Mart Stores, Inc., 848 P.2d 68, 69 (Okla. Ct. App. 1993). The invitor must also warn customers of dangerous conditions which are "known or should reasonably be known by the owner," Brown, 11 F.3d at 1563, due to the owner's "superior knowledge of the danger," Southerland, 848 P.2d at 69. The business owner has no duty, however, to warn invitees about dangers which are readily apparent and observable and which should be discovered by the invitee in the exercise of ordinary care. See Brown, 11 F.3d at 1563; see also Shircliff v. Kroger Co., 593 P.2d 1101, 1105 (Okla. Ct. App. 1979) ("[W]here the business visitor has equal access to the knowledge of the risk[,] the possessor's duty to notify is discharged.").

Oklahoma has imposed a higher standard of care on self-service retailers,[1] because merchandising methods involving unassisted customer selection create problems with dropped or spilled merchandise and necessarily create dangerous conditions. See Cobb v. Skaggs Cos., 661 P.2d 73, 76 (Okla. Ct. App. 1982). Therefore, in slip and fall actions, self-service retailers need not have actual notice of a dangerous condition before they can be held liable. See Lingerfelt v. Winn-Dixie Tex., Inc., 645 P.2d 485, 488 (Okla. 1982); Cobb, 661 P.2d at 76. Consequently, when a self-service retailer creates "a foreseeable, unreasonable risk, whether by the direct act of an employee or by his own indirect carelessness or negligence, he is liable for the consequences" and the invitee need not prove the invitor had notice of the specific condition. Lingerfelt, 645 P.2d at 489; see also Cobb, 661 P.2d at 76 (because methods employed by self-service retailer "necessarily" create dangerous condition, once invitee has shown reasonable probability that dangerous condition would occur, invitee need not also prove invitor had actual notice of specific hazard to show breach of duty of due care to invitee).

This standard does not impose strict liability upon the self-service retailer for injuries caused by all conditions it or its employees create. See Lingerfelt,

---

[1]     Wal-Mart does not contend that it is not a self-service retailer.

645 P.2d at 489. The invitee must prove the invitor was negligent in creating or failing to discover and remove the dangerous condition. See id.

Whether an invitor has been negligent in respect to its duty to invitees is a question of fact for the jury. See White v. Wynn, 708 P.2d 1126, 1128 (Okla. 1985); see also Brown, 11 F.3d at 1564 (whether pegboard and cement blocks created an obvious and clear danger was question of fact for jury); cf. Safeway Stores, Inc. v. Keef, 416 P.2d 892, 896 (Okla. 1966) (generally, question of fact for jury as to whether dangerous condition existed long enough for discovery under reasonable man standard).

Wal-Mart asserts on appeal that its motion for JMOL should have been granted because Ms. Hall failed to prove Wal-Mart was negligent in stacking the crates. Ms. Hall contended that the manner in which the crates were stacked constituted a hidden danger of which she could not have been aware.

Ms. Hall demonstrated, through the direct examination of the store manager, how the crates are stacked and several variables which could cause the stack to become unstable, i.e., improper placement on the display shelf or improper stacking so edges were caught by either an employee or customer. Ms. Hall also testified that she did not touch the crates and had no intention of buying any. Ms. Hall's daughter testified that when the crates were restacked after falling they were leaning towards the front.

A Wal-Mart employee testified that the crates had never fallen before or since to his knowledge. He also testified that while employees were not specifically alerted to the dangers of stacked crates, they were instructed regarding general safety issues in the store and told to be alert to various safety hazards. New employees watched films on safety which told them "to use common sense." Appellant's App. at 126. Further, safety is an issue that is discussed "just about every day." Id.

We have not been provided the jury instructions and they are not an issue in this appeal. From the instructions given them, the jury determined that the stacked crates were dangerous, but did not present a clear and obvious danger of which Ms. Hall should have been aware. See Brown, 11 F.3d at 1563-64 (nothing in record supported conclusion that inherent danger in manner in which pegboard was displayed and cement blocks were placed was open and obvious). The jury also must have concluded that Wal-Mart had created a "foreseeable, unreasonable risk" in its manner of stacking the crates such that it should be held "liable for the consequences." Lingerfelt, 645 P.2d at 489.

Viewing the evidence in the light most favorable to Ms. Hall, we conclude the evidence does not point only in Wal-Mart's favor, but rather "is susceptible to . . . reasonable inferences supporting" Ms. Hall. See Wolfgang, 111 F.3d at 1522. The district court properly denied Wal-Mart's motion for judgment as

a matter of law. We conclude that the evidence presented was sufficient so that the jury, as instructed, could properly find Ms. Hall had met the applicable legal standards for imposing liability on Wal-Mart.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Ms. Hall's motion to dismiss is DENIED.

Entered for the Court


Michael R. Murphy
Circuit Judge